Jordan Richards, Esq.
Jordan Richards PLLC
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
954-871-0050
jordan@jordanrichardspllc.com
Attorney for Plaintiff – Pro Hac Vice

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JASON ROIG, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>Defendant. | **PLAINTIFF'S EXPEDITED MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**<br><br>Case No. 2:23-cv-00721<br><br>Judge Tena Campbell |

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant's pending Motion to Dismiss and/or Strike is scheduled for hearing today. D.E. 22. Yesterday, less than 24 hours before the hearing, the Defendant began taking brazen and calculated retaliatory action against Raydel Mason ("Mason") – a former Field Service Technician employee who filed a Declaration in Support of Conditional Certification of FLSA Collective Action and a Consent to Sue Under the FLSA in this case on February 9, 2024. *See* D.E. 24-1. More specifically, on February 12, 2024, the Defendant's CEO, Adam Schanz ("Schanz"), contacted Mason via telephone and repeatedly demanded that Mason "drop out" of this lawsuit, or else face criminal prosecution. *See* Declaration of Raydel Mason attached as **Ex. A**.[1] Schanz then threatened to bring baseless counterclaims against Mason if he refused to "drop out" of the lawsuit and sent Mason a previously prepared Settlement Agreement to Mason and demanded that Mason sign the Settlement Agreement immediately. *Id.* When Mason refused, Schanz offered to re-instate Mason's employment if he would sign the Settlement

---

[1] A declaration executed by Mason will be filed imminently.

Agreement. *Id.* Still, Mason refused. *Id.* Defendant is clearly attempting to chill participation in this case through its use of impermissible threats levied by its CEO. Defendant is well aware that Plaintiff is represented by undersigned counsel. Rather than communicate through Plaintiff's counsel, Defendant made the calculated decision to circumvent Plaintiff's counsel in its effort to coerce and otherwise threaten Mason in hopes it would scare him into abandoning his FLSA claims. The undersigned has contacted counsel for Defendant to address these very serious issues, but defense counsel has not yet responded to undersigned's efforts to ensure that the threatening communications cease and desist immediately. Thus, Plaintiff files this expedited motion and respectfully requests that the Court enter an appropriate Protective Order barring Defendant from any such further intimidating or harassing conduct effective immediately, with regard to the Plaintiffs, opt-in Plaintiffs and any putative class members in this FLSA collective action.

## II.     MEMORANDUM OF LAW

### a. Motion for Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders:

> Upon motion by a party or by the person from whom discovery is sought… and for good cause shown, the court in which the action is pending… may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

*See* Fed. R. Civ. P. 26(c).

The Supreme Court has recognized that, "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 1010 (1981). District courts are empowered with relatively broad discretion to limit communications between parties and putative class members. *See, e.g., Kleiner v. First Nat'l Bank of Atlanata,* 751 F.2d 1193, 1201-03 (11th Cir. 1985) (recognizing district court's authority to police class member contacts and to prohibit defendant from engaging in unsupervised, unilateral communications with plaintiff class members to solicit exclusion requests from class); *Jones v. Casey's General Stores,* 517 F.Supp.2d 1080, 1088 (S.D. Iowa 2007) ("[T]his Court has relatively broad discretion in limiting communications with putative collective members when such communications cross the boundaries of propriety, including when the

communications are unbalanced, misleading, or factually inaccurate"); *Maddox v. Knowledge Learning Corp.,* 499 F.Supp.2d 1338, 1342-43 (N.D. Ga. 2007) (observing that district courts in 216(b) actions rely on broad case management discretion to allow pre-notice communications "while actively limiting misleading statements in such communications"); *Belt v. Emcare, Inc.,* 299 F.Supp.2d 664, 667 (E.D. Tex. 2003) ("As in Rule 23 class actions, courts have the authority to govern the conduct of counsel and parties in 216(b) collective actions").

Federal courts across the country have routinely exercised their discretion to restrict communications in Section 216(b) settings, where a party has engaged in coercive behavior with respect to prospective collective members. *See, e.g., Maddox,* 499 F.Supp.2d at 1344; *see, also, Jones,* 517 F.Supp.2d at 1089 ("[M]isleading communications with putative opt-in collective members… could easily have the effect of tainting the entire putative class and jeopardizing this entire litigation"); *Sjoblom v. Charter Communications, LLC,* 2007 WL 5314916 at *3 (W.D. Wis. 2007) ("Abusive practices that district courts have considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation; contain false, misleading or confusing statements; and undermine cooperation with or confidence in class counsel"); *Belt,* 299 F.Supp.2d at 667 ("**Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to… encourage class members not to join the suit**"); *Cooks v. Ovations Food Services LP,* W.D. Pa. Case No. 2:23-cv-01858-NR at D.E. 27, D.E. 33 (Dec. 19, 2023) (acknowledging scenarios where defendants improperly discourage members of a putative FLSA collective from joining a lawsuit).

In *Cooks,* the Court specifically identified the troubling scenario where a defendant employer uses supervisors and managers to approach members of an FLSA collective and dissuade them from joining the lawsuit and the preemptive measures necessary to protect employees in such a scenario:

> [T]he Court finds that it may be beneficial for the parties to confer as to what executives and managers of Defendant may say to any putative class members about the pending case. This may avoid the situation where an executive or manager – intentionally or inadvertently – dissuades an employee from opting in to any FLSA collective or otherwise not participating.

*Id.* citing *Rood v. R&R Express, Inc.,* 2022 WL 1082481 at *4 (W.D. Pa. April 11, 2022).

To be entitled to relief from contacts by an adverse party of prospective class members, a movant must show that: (1) a particular form of communication has occurred or is threatened to occur; and (2) the particular form of communication at issue is abusive in that it threatens the proper functioning of the litigation. *See, e.g., Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc.,* 214 F.R.D. 696, 697-98 (S.D. Ala. 2003).

Here, the Defendant is already attempting to chill the FLSA rights of its Field Service Technicians. Mason joined this case on February 9, 2024, and submitted a sworn declaration in support of Plaintiff's Motion for Conditional Certification of FLSA Collective Action. *See* D.E. 24-1; D.E. 26-2. Less than 72 hours later, the Defendant's CEO contacted Mason via telephone and threatened criminal prosecution unless Mason immediately dropped out of this case. **Ex. A**. Defendant further threatened counterclaims against Mason, and then offered to forego the criminal prosecution and counterclaims only if Mason would execute a prepared Settlement Agreement to waive his wage and hour claims. **Ex. A**. Mason refused to sign the agreement. *Id.* Plaintiff easily satisfies the requirements for the Court to intervene and prohibit Defendant from having contact with any of the Plaintiffs, opt-in Plaintiffs, or members of the putative collective. The Court, most respectfully, should enter a protective order prohibiting Defendant from engaging in any such conduct.

### III.     CONCLUSION

WHEREFORE, Plaintiff, JASON ROIG, respectfully requests that the Court enter an Order: (a) granting this Motion for Protective Order; (b) prohibiting Defendant from having any further contact or communication concerning this lawsuit with members of the putative collective, and entering any and all such further relief as may be deemed just and appropriate under the circumstances.

DATED: February 13, 2024.

| | |
|---|---|
| JORDAN RICHARDS PLLC<br>1800 SE 10th Ave. Suite 205<br>Fort Lauderdale, Florida 33316<br>Ph: (954) 81-0050<br>Counsel for Plaintiff | MORGAN & MORGAN, P.A.<br>8151 Peters Road 4th Floor<br>Plantation, Florida 33324<br>Ph: (954) 327-5355<br>Counsel for Plaintiff |
| */s/ Jordan Richards*<br>JORDAN RICHARDS, ESQUIRE<br>jordan@jordanrichardspllc.com | */s/ Andrew R. Frisch*<br>ANDREW R. FRISCH, ESQUIRE<br>afrisch@forthepeople.com |

| | |
|---|---|
| Pro Hac Vice | Pro Hac Vice |
| Fla. Bar No. 108372 | Fla. Bar No. 27777 |

MORGAN & MORGAN, P.A.
222 S. Main Street, Suite 537
Salt Lake City, Utah 84101
Ph: (689) 216-7762
Fax: (689) 216-7812
Counsel for Plaintiff

 /s/ Justin Galvez
JUSTIN GALVEZ, ESQUIRE
jgalvez@forthepeople.com
Utah Bar No. 15602

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion was served on all individuals below via CM/ECF on this 13th of February, 2024.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE

**SERVICE LIST:**

VICTOR A. SIPOS, ESQ.
Utah Bar No. 9211
10421 South Jordan Gateway, Suite 600
South Jordan, Utah 84095
Tel: (801) 860-3444
Fax: (801) 665-1266
E-mail: victor@siposlaw.com