Jordan Richards, Esq.
Jordan Richards PLLC
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
954-871-0050
jordan@jordanrichardspllc.com
Attorney for Plaintiff – Pro Hac Vice

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JASON ROIG, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>    Defendant. | **DECLARATION OF RAYDEL MASON IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**<br><br>Case No. 2:23-cv-00721<br><br>Judge Tena Campbell |

      I, RAYDEL MASON, pursuant to the laws of the United States, declare under penalty of perjury that the following is true and correct:

      1.      My name is RAYDEL MASON. I am over the age of 18 years, *sui juris,* and otherwise have personal knowledge over the content contained herein.

      2.      I am an opt-in Plaintiff in the above-captioned matter and have filed a consent to join this case. I also signed a Declaration in Support of the Plaintiff's Motion for Conditional Certification of FLSA Collective Action. *See* D.E. 26-2.

      3.      Earlier today, on February 12, 2024, I received multiple phone calls from Alder Holdings, LLC's Chief Executive Officer ("CEO") Adam Schanz ("Schanz").

      4.      I took a screenshot of these calls, and one of these screenshots is below:



5. After receiving multiple phone calls from Schanz, I finally picked up.

6. Schanz was very angry during this phone call and was raising his voice.

7. During this phone call, Schanz confronted me about joining this lawsuit.

8. Schanz explicitly threatened to press criminal charges against me if I did not immediately "drop out" of this lawsuit.

9. Schanz also threatened to file frivolous counterclaims against me if I do not immediately "drop out" of the lawsuit.

10. Then, Schanz offered to reinstate my employment with Alder Holdings, LLC, but only on the condition that I "drop out" of the lawsuit and immediately sign a Settlement Agreement.

11. As Schanz was demanding that I "drop out" of the case on the phone, Schanz e-mailed me the prepared Settlement Agreement he referenced in our call through DocuSign.

12. The Settlement Agreement prepared by Schanz or his representative consists of four (4) pages and was already signed by Schanz when it was sent to me.

13. I did not sign the Settlement Agreement because I do not want to waive my claims against Alder Holdings, LLC.

14. Attached to my declaration as **Exhibit A** is a composite of screenshots of the Settlement Agreement that Schanz demanded I sign.

15. I took these screenshots and they fairly and accurately depict the document that Schanz sent to me on February 12, 2024.

16. I want Schanz and other representatives from Alder Holdings, LLC, to stop contacting, harassing, and threatening me.

17. I would like for any and all communications concerning this lawsuit to go through my attorneys Jordan Richards, Esq. and Andrew Frisch, Esq., which is why I hired them and joined this lawsuit in the first place.

18. I also do not want any other Field Service Technicians employed or formerly employed by Alder Holdings, LLC, to experience similar threats and/or second-guess seeking repayment of their rightful wages.

_Raydel Mason (Feb 13, 2024 09:48 CST)_
RAYDEL MASON

02/13/24
DATE



DocuSign Envelope ID: 9A.427652-1'450-4CEC-9E03--023976E10280

## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT (this "a&!l.S.llll:ll.l°"l is m•dc ond entered into as of the 121h day of Febrlllry. 2024 (the "Effectiv Oate"), hy and anurng. Rnydell Mason ("FMmc:r Rep..). and Alder Holdings, I.LC.a Utnh limited liabilil)' company ("Alde.r") on behalf of iUelf. ilSsubsidiaries and other aftili,nes and each of 1heir respec1i,•e present and former emplo)'ees. officers, directors, owners, ,nembers. and agents, mdividually and in theirotlicial c.ipadues (collecti\'ely referred 10 hereinafter with Alder as. the '"Alder Group'·). The Alder Group and former ReJ> are collectively referred to herein as 1hc .. Panics'" and individuall}' as a ..Par,y").

### RECITALS

A. Former Re1,,,reviously performOO service fr:,r alann equipment s.ervicd l(>r Alder and/or other memhersof the Alder Group. which servit..«es were tenninated by the Alder Group effecti\•t as of approximotcJy January 2024 ba.,;00 on AlderGroup·s allegations d1at Former Rep used ,he Alder Group gas card for approximately $1, I00 in gas for personal use.

0. As the Pa11idesire10 resolve any disputes which n1ay ha\'e occurred between the ranies with respe-c:110 the independent contractor rela,ionship bern·een the Fom1er Rep and cenain membersof the AlderGroup, including. withoUI limitation. theservices provided 10 the Alde.r Group. the agreement between Fonner Rep and the AlderGroup. and the 1crmination of Fonner Rep's services.

C. The Parties now desire to compromise and sculc rully and linally their differences including anyclaims tha1 mny cx.isc relating to the dealings of the Panies. as more p-articuforly provided herein.

### AGREEMENT

NOW. THEREFORE. in consideration of the mutul11 covenants 11nd promises made herein, the rei;cipt and sufficiency of which is hereby acknowledgOO, and in ronsider.i1ion or the above retirals whieh are incorporated intt) and nuult o l:,ar1of this AgrecmenL the Panics do agree to folh)ws. without odmining a.ny wrongdoing or liability to the other Pany:

I. Promises 10 Alder Group. Alder Group will not reqoirc Former Rep the repay the SI.JOOof personnl use g:.1s or the AlderGroup cre<lit card and as paymcm in full lOr fulyaod all amoums that rnay be owed l)r may become owed to Former Rep under any agreement or addendum entered into by and between the Alder Group to Former Rep.

2. Former Rep's Ackoo,vledginenl. By his ex<.-cution of this Agreement. Fonner Repacknowledges and agrees 1ha1: (a) this Agrccmcn1includes a release of all claims arising up to and including, the Effcc1ivc Date of this Agreement. and that he bas been advised of that fact and lhal he should fuUyconsider this rckase beforeexecuting this Agreement (b) he has been given lhc opportunity to read this cntirc Agreement and has h d all qu<.-stions rcgardjng its meaningand content onswcn,.--d tu hiss ti fac1ion; (c) he has lx,-cn advised of his right to seek indcpcndco1lcgal advice nnd <.-ounscl of his \lwn choosing regarding lhis.AgrtemL'tlt; (d) he fully undersLands all oflhe provisions of this Agreement; (e) the waiver and rclca...c of chlim..:; t fon.h herein is gi,,e-n in rernm for vah.11ble cons.iderotion, as provided under *the* termsof this Ag,reement; and (f) he is entering into th.is Agrecmem knowinglyand voluntarily in.exchange for the promises made in this Agreement and that oo other representations or promises have been made lo him10 lnduccor influence hiscxccu1ion of thisAgreement.

3. Release.

(a) Former Rep, individually. und on hchalrof his ht:ir:;.. cxc."Cutors. rcpn. cnlalivctc. agcnll), insurers.. administratorS,i.uccessor-s. as.signs and any other persons or entity which eould make a claim through him (colloctivcly, the "Relea§ors"). hereby unconditionaJly,irrevocably and absolutely waives. releases and discharges the Alder Group. including each member of the Alder Group's parents. subsidiaries., affiliates. predecessors. successors and assigns. and all of their rcspccti\'C members, sh11rcholdcrs, panncrs. munag(.."l'S. dircc1ors. officers. employees, agents. and other related personsor tnlities. in 1heir company and indi,•idualcapacilies (collectively. the · · '') from ;my and all claims. demands. actions, causes ofaccioos.. obligations.judgments. rights. fees.damages, debts. obligations. claims to any own rsbip or equity io any or the-Alder Group or in any tl<.'COunlSowned. in wlK)lc (l, in pan. by uny member of th.: Aldl!r Group, liubililic-!4and cxpcn.scs; (indush·e of auorneys· fees) of any kind whatsoever (et)ll cti\'el y."Claims·•). whether known or unknown. from the beginning of time10 and including the Effective Date. including, without limitation. any claims under any fedeml. state. local or foreign law. that the Releasors may have. h vc ever had or mny in the future have arisingout of. or in anyway rekttcd to Fonner Rep's hire, benefits. service rclutionship wilh members of the AlderGroup,11:rmination or SCJ)8rntion of scrvic1. wi1h the Alder Group and any actual Qralleged ac1. omission, 1ransac:tion. practi(.-e, conduct. occurrence (>r other nutllc::r, including. but not limited to (i) anyand all cltiims arising under local statutes and otdin:inus thal may be lega11y wai-.,ed and rde.ased a.nd/(.)r any other federal. state or local law ( tatutory. regulatory or otherwise) lhal may be legally wahed and released: (ii) any and all

SLC_323b354

Release and Settlement Agreement ydell Masoo).pdf                                                                                                                                                                   t of4

DocuSign E,,,;elo,,e 10: 9A4276 •1450-4CEC-9ED3.Q23976Et02BD

claims forcompensation of any type whatsoever. including but nm limited to claims forsalary. wages. bonuses.commissions. incentive compcnsatton. V:.t(.'1lt:ion and/or severance; (iii) any and all claims arising under tort, controct and/or quasi-contr.tct law, including but not limited 11, daims of breach ofa11cx.p sed or implie-d contract, toniou...:in; terference with contract or prospective business 3d\'antage. breach ot""thecoveniml of good faith and fair dealing. promissory estoppel. dctrimenrnl reliance, invasion of privacy, nonphysical il'ljul'y, personal injuryor sicknessor any other harm,\\ rongful or retaliatory discharge. fraud.defamation. slander, libel. false imprisonment, negligent or intentional infliction of emotional distress: and







3:26 7:43 46

Select Start to begin

START

SLC I?JO.\S,t

Release and Settlement (Ra)'del Mason}.pdl ;•;;

E 10:WVG$2"-14 EC-tE03.Q23VGE10280
dairns for coniJ'l("l'lsatiooor anyt)'pc v.hatSO<',cr. induditlg btlt not lin1i1cd to dainl$forsalary.wages. bonuses, ronm1issions. in«nti\'c C'olnpcns:lliM.,acati<>n a,k!/or S1."\etat1ci::(iif)anyand1111claimsari..s:ing undc-r10n.C01lCr.1iCt11ndfor quas;i-co1"ru('I l.:aw. including but noc lirnittd to clairnsofbrcaeh of3.f'l npreiied or impli-td oont.racc. tMious intcrfrrcnc..-"'ithoontrll('I ot PfOSP."(ti,c busim.-s.'I ad\a.ntag_c. bineh of1h1:oo, cnant or good faith11nd I ir &:aling.promissoryestoppd,ddrin)enlal relian«-,invulono(pri\'t1ty, OOT1p"lysk:II injury, periiOnlll inju,y or skkn.t:s.$or anyotherhmn,\\ron.gful oc n'111liat«y di h:i"'c, fnud,dcf2ma11on. Sbnckr,libid,f'ldiw: imprl$0nmcnt, neihtrenl ()f 1n1cnhOnal inffic1ion of cmoci0n:il d1i-1tta; nnd (iv)anyand allclaims fo,-montUry orcquit:1blc relid', incll.N.linJ but noc hmited to fltom<y$' fcts, b,;)Ck p;:iy,rront )', n:msiuu:mc:nl.('Xpel'1.s· («$.medkal flXS or ("(pNISt'$, WSiS;md dii;buf'k'mmt" llowe\·er.thisaai Ird se1md wui\•,:r or Cbhnll("(cludti,.;md Fom,,:r Rep1)()4 "',iiv(',reluse.Of disch rse(A) Claimi;"'hichannol beY.,1iv«I by law, and (b) Claims11ri,ing out of or 11ttriti..1tabk to ( I) e,·.:nts.lloClS.or on1issioos tnkirtt1, place•RtrtheEIT«1i,·1: 0-,.1tc:or (2) the Akkr Group·s b«oc.h or 311)'1mnsand QOOOi1ions or thi.sAg.r«mcn1. Former Repherebyad:nov.IC'dg.:s 1h01 he is aworc tl theor hisauome)' fl1a)' hcttafkr disco,·cr Cbimsor factsin oddition to or difTcrtnl fro,n lhose which he now l;no""-so, bclie,·e.sto <XiS(Y.ith rcsr«1to thesubj«t ma11cr of1hisrclcak".and it is fom:N!r Rep'sintention hctt-by10fully. finally.and for.:,·cr S('ltkand rekascall possible Claims he may haw 9inst theRtlc-.as«s that tna)'cxisi lSof1hc EtTCCliW Da1c. Funhcr. it is <-xprrssl)' understood 1ha1.004"'1i1hstandin.gthe dlSOO'\tty or C'(istcll('(' of anysuchadditional or diffttttm Claimsor facts. lhe reka.sc gi,·cti hereih shall andttmain indT -c,as a fulland compkte ttkase "'ithfdf'k"C1 IO theClaims releasc-d hcttoodcr.

(b) In e'\'d1:.angc for the Rde11sorJ· "' iv('f and release orC111im.s again.st1he RtleAs«$.tlle AkkrGroup expressly wuiv.:sand rcle:.kSC$any and all Cl.tims11g11inst 1hcFormer Rep1ha1 ma)' be "'"'"C'dand!'(:leased by 11... for any obliptioos und.:f the any Promissory N01C$..Confmions of Judgm,cm.or Addenda executed b)' F«m.:f Repio s;ecurc ad\'anecs made by1hc Alder Groupto the fom'lef Rep(lhe"Loan Oocumcnis"'). bl.ii cxduding Claimsari.sillg ouiof or auributablc to:(i) •Cftts.ans.or o,ni.ss.OOs 1aki-.g pl after1hcElli."Clh-c Oat ·:(ii)Former Rep's bfcach of an)' rmsand oonditions or1his A_grC\-ment. indOOing bu1OOI li1nitcd to Fonner R1.'(l'sobfiptions und<.'1' heretoab1.we:(iii)fomw:r Rep'scriminal11e1i,·i1ic:s or intentional n1iseolWU<'1occurri during the ttm1of Fonnct Rep's.service"'ith1MA r Group10 th cx1e1111hc samecause lhc Aldo.-r Group10i1)C'ur a.ny IUlbilily in1h1:future:(i\')a.nyaDd all con1tam.11l. cooi,noo lawal\d. SCMut<>ty tO\'<:nants andoblig11tiOl'll-•hi.eh by lhdt tcmtisuM,'<: Former Rc1>'s k'.rmin11tion of scn•M:cs v.ith tllc Alder Group, including. without lin1itation.obligations ofoonfid<:nti:1Ji1y.no11-disclosUtt.,.cw1-s,:iliei1tuion aDd DOn-<'01npcti1.ion(Clk'h,3 ··Sur\'hing()t,lig:u,on-). In funhcrance1httrof. Fornier Rephrn-by:ietno"'kdg1."Sand11gn-cs th:u the Sun•h inSOblig31lon:s rontinue ood are I1(I ttleaM.-d pun.113nl 10 thls and further:'lgn"C'S lo tcimpJ)' with the Survi,ingObligotklns.

(e) Ea(h ofthePa11ics ht"ttby ts and v.--arrants10 thcothcr Party Illa, he or ii is 1hcsok and lawful owni:r ofaU right, 1i1lc and intl'1'tSt in andto all Claims rekas1:d herein. and hasnocand will not \'Oluntarily. by op:tOtion ofb>A'or ochcn\·isc. assign.transfl-f or ron,eytoany01h1.-r person or cnci1yanyclaim.or any nor ponion 1hcr..'Of or 11ny in1tr1:st then:in. rc:kased by thiss«ti<in3.

(d) Eti:h oflhePanic, hcttby rq,ttS(1llll, wamuns Md agrees dut he or it bu not ond will not bring. comnM:oec. iosti1U1t. prosecute or mainllilin. or allo"'or J)(f111il an)•person.<'Dli()'or organizaiion 10bring.rommeocc. in.sti1u1e. pro.sccu11:or maio1ain in his or ii.sRamc.o, oo bisor its behal(.before anyadn1iniS1nt1ti,·c agntcy.ooun or iribunal.any Cl.aim reka.s1:d herein.ocher lhat1an ai!'lion10 cnfon-c thisAgl'\."('.rncflto, basedon an allcg -d bttach 1h«rof. This may be pk11d1.-d as II fulland compktc dde1lSC to. ai1d 1n11y be used as a ba.,;i.sfor injuncthc relkfagail!Sl.any11e1ic)c1..sui1or 01btr 1)rott1.-di.-.g"'bie,lnt ay betm.lugltt.commenced. instinm:d. pros«utcd, mai111ait1ed Of attnl'lpted in brca<.h of this$e..'1ionl(d).

4. Nn0::4icrarqs::mrnt/Nancrons;m,inn- Former Repq.r«i1h111he will not at an)'time m:.lke, publi bor comnnmieat¢to AO)' person or eniity or in anypubl.ic forum.""hcther io writing or orally.on)'defamatory or dis majll& marks.eommcn1s.or s1>tC11X'111S COt'IC('ming any memberor the AlderGroopor &O)'of 1beir f\'SJ)«tiw business.or any or lhdr cmplO)'«S or officers.andcxii-cin,g and prospective custon)l.'rs.su()(llim. i1w<'Slors and oihcr associawd third panics. now or in the future. Fonn1.'1R.:,pac&:nowlcd,gftha1lbis prohibition xtcnds to remarks.comlUC'nls and suucmcnLS mad,e ia social media 10an·yooc.il)C'h1ding. bu11)04 limited 10. me11C"-"S m1."<lia.indui;uyanatrscs. rompcci10N. ,·-cnoon. and past. c.'(iSling or pro.sf)IX'ti,·c1riploy«s. indepencknle o1urae1ors and C'UStOO'k.'ff of the AlckrGroup. Foom'f' Rep funberagr-c1.-s nocso C"OOnsicl or assi:St any auomcys(n 1h irclil.'1'ltsin the pl'l.-senrntiono, pros«ution of any dispu1cs..di!Tcrencts, gtiC'\ai!ttS, dain1i. thlll'tl"Sor eompllllints by any third pMy 2Pinst theanymember of the Akkr(iroup.and or anyof1hdr ttSpttti,·c affici."l'S, ll'll"lnbtr1. dittttOiri,e1nplO)'l'ltS.lndependitnl «.ntrucl()ft..ug1.-n1s Or rtpn'St."ntati,·e,.1.Ullffi under a subp0t11,1or OthertOia-1 orc.kr10do so. l'hi doei not. inony "'ay,ttUtkt ar impt'dt Formirr llep from cxl-rtising prottttNI right$.including ri l$une.ltrthe Na1ional1,..abl>r Rdations Act or the (edl'r.11 s«unlies lov.11,indudina thel><,cld•fr.Lnl: Att.10the c.xtent that "-lcb ri,ihtf cannot be >Aoli\Cc,I by •a: ("fllent or fro1ncomplyinJ:withany ;11pphcable law or ttau1111ic,n ()r ,·,.ilid order ofa court of (()fllptlent jurii.dil'1ionor un ;11u1hon:(t:d go,cmmcnt11gcncy, 1ha1$UCh compliance doci note.,ci:'ed th.ti n-quired b)' Slllch IA"'·regull'tion or order, Former Rep$111111promp,;ly Jlffl"'t6c written noctCcor .wiyllUChorder to the Alder Grovp·• thm Pn:;sidenl or GC'11,crnl Coonsel,

OoeuSign Erwelope10:9AA27652•1450-4CEC-9EOO-G23916E10280

AA na2.docusign.net

3:26 7:46 46

Select Start to begin

START

E 10:9M27652•t4 C-9E03.o23976E10280

S. Coof♦nfr@vof Agrmrn:nl, Former Rq, herc-b)'11 sandoo,'m:.m1s tb,;I Fonner Rq, shall noldi lose anyof the l(1TIIS of or arnount p:i.id ul'.M.kr this Agrccn :n• or the ncgotia1ion thc-n:of10any indi,idual or entity: r.m\JW. .111:11Fonner Rep will not be prollibi1ed from making disdoSUK$1Ohis11ttomey. ta...: ad,·i.sors.or imrnedi111e family m('fltbcrs.or as may beuired byJaw. ThisdO<$n,oc in anyway trictori e Fonner Rep from eMroising pr01«l<'d righ1s to the e...:tet1t I.hatsuc-h righ1sc-anl\lOI be wai,·«l by agr«me11or from complying witll anyapplicable lawor regulation or• \'a lid ordrrof aooun of conl!p('lent jurisdictioo« an a01hori.1.cd go,•em •u•k.')'. Oia1sudi compfia doel not cxettd that rc<juin:d by the13"'.ttgulaciof'I.or ofder. Fom)('r Repshall promptlypro,•ick wriucn nodcc of an)' SIK'h order10 the Alde1Group's thoc-n sidrnt orGeneral Counstl.

6. fff«I pfUo:?S:lr Brnxdiu In1hee,-en1of11 \ntl,;h o, thte11tcncd brea,;h by Formtr Repohn)'of1be provisions of1his Agreement, FormC'r Rep knowk4.g<.s11nd ugttesd1 theAlderGroupshall h11,·c:lh<"right to pun;..-:any and:illmncdtes ii may ha\C" forsuch breach or 1hmul.'Tlc:-d bttadl ofthisAgretn)Cnt11gainsa Fonner R<"p bu:1 th;u the:Ald\.'1' Group'.scxcrdscof thisrigh1shall not afrC\.'1.modif)',or w11h( inanyway th<"AldtrGroup's righ1to enforce thisAgn."('mnn. induding. b111 not limi1c:-d10.1-'ormcr Rep's rdCll.SC of claimsS<1 fonhin hd'cof. Funhcrmorc.if ror,ncr Rep failsio comply wi1hany or tht tmnsof1hi:s Agttcn)Cnt or post-F.lfl-·cchc1);ucobligations oontaifl cd in it. or :1,.11yof the tcm,sofa Sul'\·i..,irtg Oblig11ion. then the AtckrCitOUp may.i11addition 10:u1y01hcr r«l)Cdi,es i1,nayha,-t. putSU\'anion agafosc F'«mct Rl-pfor tt1:,,ay1n1..'1'1Cof1hc 11r1 nt the AkkrGroup hat agl'l..'ro to payto the 1-'onl'H:r Rep 1)Utsu1lnt to hereof.wi1hou1 '"-ai...ini;d'tt ttlcak byFormer Rei> pro\id1..-d h,crcin. f<lf'mer Repalso hettb)'con"1Cnl a1wlagrl"d1h:u I1l Alda-Croupshall be cnthl<'dto cnll'yof. tn additMM', 10othera\·allat,.le rcn ialemponuy/rm.:lirnlnary and pcrma1'ttnl inju1K'1ion or other uit11ltk relict'us;:ainst Midi l:)rt":u:·h()1 1hre11lencd htt;:,ch rrom anycourt of c»in1)CtenIJ11ri$C.lictt01l, w1lhOOt the n1..-«S).lty or tJiowina tin)'11e1u11I d;un11icis or lhal monc)' d11nW1JreS "'·ould not alY01d un91.kquate Mni.-d)', anc.1 withoul lhe m.-ttsi,ity of 1 1in1 any l:)c)nd or oth1..T!l«unty. Anycquit11bk rclicr:-.hall be-11111ddi1N)l1 It), no1in lieuor, ki:il rcm1.,:lict1. monclflry c.bm-'4i(')..or c,ther J1\'J11labk r,:lic(,

7. NOAdmissfon Of Li.:1.bjliJX Qrl)am:as;g. Each of the Pankith1.ttbyad:no-A'lcJse1 and n..-cs1.hat the C).CcutiM t)ftl Agrcc-,nent alOl\g with the mu1u:al i:5dannd.:kasc of daimscontained lw:n.:in art: (a)done fot the I)U ur CCIntpttwnis.:-:,nd ktdetnent of disputed d:aintJ:and (b) a n1111cri111 pon uftlllillAgl'l..-Clfli..'111ll!ld 1h111 ndthcrorlhc P11t1id hl'ttlO \\'()\lid hll\'CCnltrtd intolhlSAgrcctnent whhout suchn:kasc,()f cl11ims. Ndthcr lheCICttUlion ur1his AifCCn.Cnt1W>1t11,y pnl\'ls.ion conuiim:d hcrdn1 1hall l,e «)n<;trueJ 10bea.-admisi;-ion h)•any I)ftrt)' of any'<'ron,a doing or liubdity10 I.he oc.hcr l._rty or to any ()(her per!I()n Ol'enlil)' of any kind.

8. Miscrnancous. TI,ii;-Agl\'t'ln\.'I'll!(a) is the i.'1'1tirC nK'nl amof'lg lhe Paniots wi1h rtS:pttl to the subji."(1 inaner IlC'rcof. and that a.11y ptlor a,kl contc1npornncousncgo1iatlMit. rorl'l..-spo1wlc-11«. or undtrstl1wlingsrdati\C·IOthe sull:il"C1 inaner IK'r1.."(lr shall be dttnt<d to bemttged inthi, Agrttni,c1 1and sh,all be cifn.ollntbcr f(1fttCll cfftt1:(b) shllfl bind.and inur,:10 the bentfitof, tllC' ra.nicsa1wlthdt l'l..'$f1CC'lh' hclni, kg.:al tcptd('0.1a11\·c$, $llCttSSO$ and ass:ig1lS:(t) forall pul'poscS. Mia.IIhe eo1t,.-rucd i1n:ord:1ncc '<'ilh1he la-A'S.,r V111h \\ith,out regard to nn)' oonflitisufbws prindplc:i th111would r1.-quirc the l:l"A'Sc,f11ny()(her jurisdicttm, u, apply; (d) may n01 be1111,cndcd or moJili1."<I unlessi.,u,ch unw:ndmcnt or modilic-a1ion is 11an..-cd lo in uitm.11,andSi$11t..-d by Former Repunda dulyauthoritcd ofliocror the Alder(;f-0'1p; (c) m11y be e.,ccuted inl"A'qor moro.: (.'QUnli.Tf)QlrtJ..cxh ofwflich Wll bed«mn.l11noriain:il. but all or which kJWether JiallC(M'l litute one111d lht'Ame inslrumcnl; and(I) may tH:cxeculed 11nd d.,;h\ercd l:>y rac,si.m1le, or by Cm3il in Jl(H1abk documenl fonnat (.pdf) anddcli,•1..'fYO(lhe e,i;ccutcd ,i.a;n:alurc pasc bysuch method "'ill b4:d«med lo ha,-e1hcsume df1.. asiftheori&ilUII j,,i&muure hlld beendelh<"rcd coOlber tfo:Ptutil'5. l!.\:C<'fl'I as tf)«ific Uy provil.kd for hercin, induding witltoot limilado11. 1)1.)Chifti in lhis A.g.rccnk'nl will be <lOnslrucd as gi"ingan)'p(nOO.Olhcr than I.he Panic,sand their ssor5anpt rmin<d ussigns.any ri.ghl. l\!n.cdy.or claim under or int\.'$pc(1of thiiAgn.."<'m('Tll. If any •ccioooor proct'\.'ldinlgacing 10 1his A.g:n:1..'f'l)Clll,or the cnfon'C'mct'ltof any provision of this Agn. •nn'lt. is brougb1 by or -c-i.nst any P,'ln)•hc«-to-. I.he prc,·ailing partyinsud,.ction orprocc-eding shall bt en1i1lcd 10m:o,·cr rc:asoo11blc attorneys' f1..,--s..cosu:aoddi:Sburscmtn1s incu!'ffil by S:U("h part)',"'ili..'lbcr btfore« anl•r oom•n 'fl«m'-"" of SU<h a«ion or pro..-«ding. in additioo 10any o1h« rehcf10 whkh dw vailin.g party may be c,nitkd. Alldisp1111..and on1rowrsics arisingou1of or relatingto this Agtt"Cl'll.<'nt« the subji."(1 matter of thisAgr«mrn1 sl1all be n:wh,·d c).dusi\dy bytJ1e:,,tal 11nd fcdc-rnJ coonsloc111cd inSall LakeCoomy i.11dir S1:11c ofUrah,a1wlead1Pany agn:1..'$10 submit totjuri.sdktion af taid counll:tnd agrees1h111\I'l'1uc shall lie c \:dusivcly with,-u,ch court5.. E11di l\1ny hcn:by irtt\UC2bly \\llin-,,tc,lh fullt':Stc.xtcnt r,:nniu1.-d by ap1>lkablc law,ll11yobjection"hid1s-1,;h Plln)' mil)'r.11l$1.·n,ow,or hcn:aflcr h11\'c.cothc layingufthe wnue ur anys;uehsuil.a«kwl ()t procl"<ding brouglit in anr coon Mt loeatt'din Sall L:d:c Cou1wty, Vtlh, includinganydaim or argum1..-n1lhatatiys11d1su,1. :ac1ion or p«lCttdrni, brought in•di a•rt habfttn broust,t in un incon\<nicnt rc,,rum, TO TI-le EXTF.N'r PERMITrl;l) (lY I.AW,EACII PAR'r\' 1n:RS.OY WAIV€S rrs Rl(I11T$ l'O A TRJAl..UY JVRY Of ANY CLAIM ORCAVSEOt-· ACflON OASEO VPON'OR ARISING OUTOF OR RELATED Tonus AGREEMENT ANO1'11AT ANY SUCII CLAIM ORCAUSEOFACTION SIIAI..l..OETRIEO OYA COURTTRII\L WITHOUT A JVRY.

BY EXECUTING THIS AGREEMENT, EACH OFTI-IE PARTIF.S HERETO EVIDENCES TIIAT ITCAREF'ULLY READ ANDf1.JI,I.Y UNUF,RSI'ANI)S AI.LOt'1'1-1t fIltOVISJONS ()FTHISAGREt.-.MI:.l'\"l', EACH I'AR1'Y H£u-ro

AA na2.docusign.net

RELATED TO THIS AGREEMENT AND THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY.

BY EXECUTING THIS AGREEMENT, EACH OF THE PARTIES HERETO EVIDENCES THAT IT CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT. EACH PARTY HERETO

Release and Settlement Agreement (Raydell Mason).pdf

3 of

DocuSign Envelope ID: 9M27652-1450-4CEC-9E03-023976E10280

FURTHER ACKNOWLEDGES THAT, IN EXECUTING THIS AGREEMENT, IT HAS NOT RELIED ON ANY PROMISE OF FUTURE BENEFIT OR ANY STATEMENT OF ANY OF THE PARTIES HERETO, OR ANYONE REPRESENTING ANY OF THE PARTIES HERETO, WHETHER WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Release and Settlement Agreement as of the date first written above.

"FORMER REP"



_____
Raydell Mason

"THE ALDER GROUP"

ALDER HOIOINOS, LLC.
a Utah limited liability company

By: _____
Name: Azm \l3Uf Pl
Title: CEO



# Dec. of Raydel Mason in Support of Motion for Protective Order

Final Audit Report                                                                                                          2024-02-13

| | |
|---|---|
| Created: | 2024-02-13 |
| By: | USA Employment Lawyers (jordan@jordanrichardspllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7LGQco7EcaAJJdVJ1QOTuMyGEUUxbfsN |

## "Dec. of Raydel Mason in Support of Motion for Protective Order " History

- Document created by USA Employment Lawyers (jordan@jordanrichardspllc.com)
  2024-02-13 - 2:11:41 AM GMT- IP address: 45.17.59.133

- Document emailed to Raydel Mason (chucky2.7@icloud.com) for signature
  2024-02-13 - 2:11:46 AM GMT

- Email viewed by Raydel Mason (chucky2.7@icloud.com)
  2024-02-13 - 3:45:24 PM GMT- IP address: 104.28.32.93

- Document e-signed by Raydel Mason (chucky2.7@icloud.com)
  Signature Date: 2024-02-13 - 3:48:45 PM GMT - Time Source: server- IP address: 64.251.97.244

- Agreement completed.
  2024-02-13 - 3:48:45 PM GMT

Adobe Acrobat Sign