IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON ROIG,<br><br>                Plaintiff,<br><br><br><br><br>v.<br><br><br>ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>                Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISMISS WITHOUT PREJUDICE, DENYING MOTION TO CERTIFY COLLECTIVE ACTION WITHOUT PREJUDICE, AND GRANTING LIMITED DISCOVERY**<br><br>Case No. 2:23-cv-721-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Plaintiff Jason Roig alleges that Defendant Alder Holdings, LLC (Alder), a home security door-to-door sales company, has misclassified its Field Service Technicians (FSTs) as independent contractors, thereby denying these employees overtime wages in violation of the Fair Labor Standards Act (FLSA). (Complaint, ECF No. 1 at ¶ 1.) Mr. Roig asserts one cause of action against Alder for violations of 29 U.S.C. § 207 and seeks certification of a "Nationwide Collective" under 29 U.S.C. § 216(b). (Id. ¶¶ 48–54.) Alder moves to dismiss the action or, in the alternative, to strike any reference to a nationwide collective, on the ground that Mr. Roig waived his right to participate in or be a member of any class or collective action.[1] (Def.'s Mot. to Dismiss or Strike, ECF No. 13 at 1.) The court held a hearing on this motion on

---

[1] Alder also asserts that Mr. Roig waived his right to a jury trial.

1

February 13, 2024.  (Minute Entry, ECF No. 29.)

In the days and hours before that hearing, Mr. Roig filed two additional motions.  First, he moves the court for a conditional certification of a collective action under 29 U.S.C. § 216(b).  (ECF No. 26.)  Second, he moves the court for an expedited protective order, asserting that Alder's CEO, Adam Schanz, has threatened to press criminal charges against Raydel Mason—a former FST employee who has filed a Consent to Sue under the FLSA—unless Mr. Mason declines to participate in the lawsuit.  (Pl.'s Mot. Protective Order, ECF No. 27 at 1; Decl. Raydel Mason, ECF No. 28 at ¶ 8; Consent to Sue, ECF No. 24.)

For the following reasons, the court denies without prejudice both Alder's Motion to Dismiss or Strike and Mr. Roig's Motion to Certify a Collective Action.  Either party may file new motions at the conclusion of a period of limited discovery.  The court will take the Motion for a Protective Order under advisement and allow Alder a chance to respond.

## BACKGROUND

Alder hired Mr. Roig as a Field Service Technician on or about January 16, 2023.  (ECF No. 1 at ¶ 20.)  He worked for Alder for about three months, until April 18, 2023.[2]  (Id. ¶ 35.)  While at work, Mr. Roig was required to wear an Alder uniform and identification badge.  (Id. ¶¶ 25–27.)  He alleges that Alder compensated him based on the number of projects completed, regardless of the time it took to complete a project.  (Id. ¶¶ 28–29.)  He asserts that he was required to work overtime and was not compensated for his overtime hours.  (Id. ¶ 23.)  Finally, he contends that he was aware of at least 35 other FSTs who were similarly misclassified as

---

[2] At the hearing, Alder asserted that Mr. Roig had only worked about seven weeks out of these three months.

independent contractors and denied overtime wages.³  (Id. ¶ 43.)

**ANALYSIS**

Alder asserts that Mr. Roig waived his right to participate in a collective action.  In its Motion to Dismiss, Alder includes a Sales Finishing Representative (SFR) Agreement dated January 16, 2023, and signed by Mr. Roig that states:

> Representative expressly waives, to the full extent permitted by applicable law, the right to participate in, or to be a member of, any class action or collective actions against Alder or any of its affiliates.  Representative agrees that any claim by Representative against Alder or any of its affiliates will be brought in Representative's individual capacity and not as a plaintiff or class member in any purported class or representative proceeding.

(Def.'s Mot. to Dismiss, Ex. 1, ECF No. 13 at 23 (original in all caps).)  Alder has also submitted the declaration of Kace Sherwood, the Scheduling Manager for Alder, who asserts: "Alder hired [Mr. Roig] to work as a Field Service Technician.  As part of the hiring process, Mr. Roig signed the Sales Finishing Representative Agreement on January 16, 2023 …."  (Decl. Kace Sherwood, ECF No. 13 at 7 ¶ 2.)

Mr. Roig, in his response to Alder's motion, includes an employment letter dated February 9, 2023, offering Mr. Roig a position as an FST.  (Pl.'s Resp., Ex. A, ECF No. 19-1.) Mr. Roig argues that this document, which was signed after the SFR Agreement and more specifically refers to his employment as an FST, calls into question whether the waiver in the SFR Agreement remains—or was ever—binding.  Mr. Roig cites a decision from this court in which the Honorable Clark Waddoups—in a case also involving the Alder company⁴—declined to decide whether a class action waiver provision could be an appropriate basis for a dismissal

---

³ Two of these employees—Raydel Mason and Christen Keller—have filed Notices of Consent to Sue under FLSA (ECF Nos. 24–25) and have submitted declarations in support of Mr. Roig's Motion to Certify Class (ECF Nos. 24-1 & 25-1).

⁴ Alder asserts that the corporate entities are different, but the company appears to be identical.

under Rule 12(b)(6).  Ennis v. Alder Protection Holdings, LLC, No. 2:19-cv-512, 2021 WL 409785, at *3 (D. Utah Feb. 5, 2021).

A factual determination of whether Mr. Roig waived his right to participate in a collective action is especially important because the law is unsettled about whether this right is waivable.  Notably, the Tenth Circuit has not ruled on the issue.

Several circuit courts have found that a plaintiff may waive their right to participate in collective action under the FLSA.  See Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1334–35 (11th Cir. 2014) (affirming dismissal based on employee's waiver of right to pursue collective action and concluding that "the text of FLSA § 16(b) does not set forth a non-waivable substantive right to a collective action"); Sutherland v. Ernst & Young LLP, 726 F.3d 290, 296–97 & n.6 (2d Cir. 2013) (holding that the FLSA collective action right is waivable); Vilches v. The Travelers Companies, Inc., 413 F. App'x 487, 494 (3d Cir. 2011) (finding no unconscionability in enforcing contractual waiver of collective action right); Adkins v. Labor Ready, Inc., 303 F.3d 496, 503 (4th Cir. 2002) (determining there was nothing in the "text, legislative history, or purpose of the FLSA" to suggest that "Congress intended to confer a nonwaivable right to a class action"); Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 298 (5th Cir. 2004) (rejecting claim that plaintiffs had been deprived of a substantive right to proceed collectively under the FLSA); Owen v. Bristol Care, Inc., 702 F.3d 1050, 1055 (8th Cir. 2013) (reversing trial court decision that found right to collective action under the FLSA was non-waivable).

But in Killion v. KeHE Distributors, LLC, the Sixth Circuit distinguished the decisions listed above on the ground that "the respective waiver agreements in all of the above-cited cases included provisions subjecting the employees to arbitration."  761 F.3d 574, 591 (6th Cir. 2014).

The court found that the decisions waiving collective action rights rested on the Supreme Court's favorable treatment of arbitration clauses.  See, e.g., Am. Express Co. v. Italian Colors Restaurant, 570 U.S. 228, 233 (2013) (finding that, consistent with the text of the Federal Arbitration Act, "courts must rigorously enforce arbitration agreements according to their terms ….") (citation omitted).  In the absence of an arbitration agreement, the Sixth Circuit found "no countervailing federal policy that outweighs the policy articulated in the FLSA."  Killion, 761 F.3d at 592.  The court noted that "in cases where each individual claim is small, having to litigate on an individual basis would likely discourage the employee from bringing a claim for overtime wages."  Id.  As a result, the Sixth Circuit found a non-waivable right to collective action where no arbitration agreement was also present.

The Fifth Circuit has since called into question the Killion decision.  In Convergys Corp. v. NLRB, that court held that the right to collective action under the National Labor Relations Act was a waivable, procedural right (as opposed to a non-waivable, substantive right), regardless of whether that waiver was combined with an arbitration clause.  866 F.3d 635, 638–40 (5th Cir. 2017).  Several district courts have also disagreed with the Killion decision.  (See Def.'s Reply, ECF No. 20 at 7–8 (collecting cases).)  And in 2018, the Supreme Court issued a decision concerning the enforceability of arbitration clauses in which the Court observed that "the FLSA expressly authorizes [class or collective action] yet allows parties to contract for bilateral arbitration instead."  Epic Sys. Corp. v. Lewis, 584 U.S. 497, 524 (2018).  Although the case focuses on the relationship between the Federal Arbitration Act and the National Labor Relations Act, the Court's reference to the FLSA suggests that the Court views the FLSA's collective action right as a waivable right.

Nevertheless, the Supreme Court has not yet squarely addressed the question of whether

5

the FLSA collective action right is waivable when it is not tied to an arbitration provision. As a result, it is necessary for the court to determine which documents governed the employment relationship between Alder and Mr. Roig. And the court finds that Mr. Roig has raised a genuine issue of material fact about whether the SFR Agreement governed his employment with Alder.

In Ennis, Judge Waddoups declined to decide the collective action waiver question on a motion to dismiss. See Ennis, 2021 WL 409785, at *3. Mr. Roig urges the court to issue a similar ruling and allow this action to proceed to full discovery. But the factual discovery necessary in Ennis involved multiple employment contracts over multiple years. See id. The facts in the case at issue are much simpler, and the court will therefore decide this question before allowing full discovery or a conditional certification of collective action.

Mindful that, in an FLSA collective action, "the statute of limitations continues to run with respect to each potential plaintiff's claim until that plaintiff files a 'written consent' form opting in the suit[,]" Gui Zhen Zhu v. Matsu Corp., 424 F. Supp. 3d 253, 268 (D. Conn. 2020) (citing 29 U.S.C. § 256), the court will order limited, expedited discovery to resolve the question of whether Mr. Roig—or Mr. Raydel or Mr. Keller[5]—has waived his right to participate in a collective action.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      The Defendant's Motion to Dismiss or Strike (ECF No. 13) is DENIED WITHOUT PREJUDICE.

---

[5] The court will allow discovery concerning the relevant employment contracts of the two employees—Raydel Mason and Christen Keller—who have already filed notices of their consent to sue under the FLSA. If necessary, the parties should address whether it is permissible to substitute either of these parties as the named plaintiff in this case.

      2.       The Plaintiff's Motion for a Conditional Certification of FLSA Collective Action (ECF No. 26) is DENIED WITHOUT PREJUDICE.

      3.       The court orders discovery limited to the employment documents and the question of whether Mr. Roig or the opt-in plaintiffs (Mr. Mason and Mr. Keller) waived their right to participate in collective action. The deadline to complete this discovery is May 15, 2024, at which time the court will consider any renewed motion to dismiss or motion for a conditional certification of FLSA collective action the parties wish to file.

      4.       The Defendant is ordered to respond to the Plaintiff's Expedited Motion for a Protective Order (ECF No. 27) by February 23, 2024. Any reply must be filed by March 1, 2024.

DATED this 15th day of February, 2024.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge